Hurt *v.* Hurt.

## LEONIA W. HURT *v.* W. W. HURT.

COMMISSION COURT. *Its powers. Divorce Suits.* The Commission Court may try and determine a suit for divorce, by the consent of the parties, as any other civil case, their judgment when approved becoming the judgment of this court.

### FROM LAUDERDALE.

Motion to recall this case from Commission Court and reinstate upon the Supreme Court docket.

Hurt v. Hurt.

S. P. WALKER for the motion.

CAMPBELL & JACKSON against the motion.

COOPER, J., delivered the opinion of the court.

This suit, by a wife against her husband for divorce, has been tried by the commission court, and decided in favor of the complainant, by a decree dissolving the bonds of matrimony. The defendant now moves that the case be recalled from that court and reinstated on the docket of this court, upon the ground that the commission is not such a court as is authorized to grant a divorce.

By the act of 1879, ch. 180, the Governor is authorized to appoint three persons, learned in the law, in each grand division of the State, who shall act as a special commission in hearing "such civil cases" pending on the docket of the Supreme Court as the parties may submit by consent, their conclusions "to be reported and submitted to the Supreme Court," and "become the judgment and decrees of the Supreme Court, when approved by said court." It is clearly within the competency of the Legislature to "ordain and establish" such a tribunal for the convenience of suitors, in the crowded state of the dockets of this court, who may choose to avail themselves of it. The judges of the commission court not being elected by the people, as required by the Constitution, art. 6, sec. 4, are not vested with the judicial power of the State, under the Constitution, art. 6, sec. 1. Litigants cannot, therefore, be bound to try their cases before them. But no reason occurs nor has any been

12—VOL. 2.

suggested why they may not voluntarily submit their "civil cases" to such a court. A suit for a divorce is a "*civil* case," and may be submitted accordingly, unless some reason can be shown for making it an exception.

One reason, it is said, is found in the Constitution, art. 11, sec. 4: "The Legislature shall have no power to grant divorces, but may authorize the courts of justice to grant them for such causes as may be specified by law, provided such laws be general and uniform throughout the State." The argument is that this provision requires the submission of the subject of divorce to the constitutional courts. We know, however, as matter of history, that the Legislature retained to itself the power of declaring a dissolution of the bonds of matrimony long after it had surrendered to the courts all other branches of judicial business, and that the object of this section of the Constitution was to relegate the subject of divorce, like other civil business of a judicial nature, to the "courts of justice." Courts of justice are, by the Constitution, authorized to decide all civil cases, as well as to grant divorces. And other civil cases may, notwithstanding, be submitted by consent to the decision of the commission court. The mere fact, therefore, that constitutional courts are authorized to grant divorces, does not necessarily prevent the Legislature from authorizing a special tribunal to grant divorces in cases submitted by the parties.

It is argued that the public have an interest in the severing of the marriage tie, and that therefore

Hurt v. Hurt.

the matter of divorce, like the enforcement of the criminal law, and for the like reason, can only be intrusted to the constitutional courts. The difference between the two classes of cases, conceding what is true, the common interest of society in both, consists in this, that the one involves merely private rights, and the only interest of the public is that the law shall be administered by an impartial tribunal established by the Legislature, while the other involves life or liberty, and the defendant ought not to be called upon to exercise any election of the tribunal by which he is tried.

It is also said that the commission is not a court, but a board of arbitration, and as the parties to a divorce suit are not permitted to refer the matter of litigation to arbitrators, nor to give consent as in other suits, so they ought not to be permitted to agree to a submission to a court of arbitrators. But the reason for refusing to the parties to a divorce suit the usual privilege of suitors, is, that it opens a door to collusion. No such reason exists to the agreement to submit the case to the commission. The commission is in all respects a regular court except in the mode of appointment and tenure of office of the judges. It tries cases and administers the law precisely as this court does. The parties have no voice whatever in selecting them, or controlling the time and mode of proceeding. There is no opening for collusion, and no motive to influence the consent of the parties except a desire to terminate litigation. There is no reason for depriving such suitors of the

advantage conceded to the parties to all other "civil cases."

Lastly, the judgment or decree of the commission in this, as in other cases, must be submitted to and approved by this court, and become its judgment or decree. When signed by the judges of this court, the sentence is as conclusive as if tried and decided by them in the first instance.

The application must be disallowed.